UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOLLIS PACE<br><br>Plaintiff,<br>v.<br><br>WEEKS MARINE, INC.<br><br>Defendant. | CIVIL ACTION<br><br>NO. 11-1791<br><br>SECTION "___"<br><br>MAGISTRATE (___) |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff HOLLIS PACE, and for a cause of action against Defendant, WEEKS MARINE, INC. alleges as follows:

### I. JURISDICTION

1. This is an action by a seaman against his employer and the operator of the vessel for injuries sustained in the course and scope of Plaintiff's employment with Defendant.

2. Jurisdiction is vested in this Court under 46 U.S.C. §30104 and the general maritime law. Plaintiff requests a jury.

### II. PARTIES

3. At all times material, Defendant WEEKS MARINE, INC. conducted and was doing business in the Eastern District of Louisiana in New Orleans, Louisiana.

4. At all times material, Defendant, WEEKS MARINE was the operator of the M/V WEEKS 542 and employed Plaintiff as a member of the crew.

1

5. At all times material, Plaintiff, HOLLIS PACE was a resident of Columbia, Mississippi.

6. Defendant, WEEKS MARINE is a Business Corporation and may be served by service upon its registered agent, Stephen Chatry, 304 Gaille Drive, Covington, LA 70433.

### III. VENUE

7. Based on the foregoing, venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b)(1). Defendant also does business in this district.

### IV.   FACTUAL SUMMARY

8. Plaintiff would show that this lawsuit has become necessary as a result of personal injuries which he sustained on or about May 13, 2011, while working on board the vessel the WEEKS 542.

9. Hollis Pace and the crew were pumping out scow by means of a pump. The scow barge was being held by three ropes, bow, stern, and middle. The middle rope, which was not to be removed, was inexplicably loosened by a co-employee to the point that the scow barge shifted outward.

10. Because of the co-employee's negligent actions and the fact that the scow barge shifted, the discharge hose which was hanging in the scow by means of weights was forced out hitting Plaintiff in the back of his head knocking him to the deck. Plaintiff was knocked unconscious.

## V. CAUSES OF ACTION

Jones Act Negligence

11. At all relevant times, Plaintiff was in the course and scope of his employment with Defendant. The actions and/or inactions of the Defendant and/or their officers, agents, and/or employees constitute negligent. The negligence of the Defendant was a proximate and/or producing cause of Plaintiff's injuries and damages. Defendant was negligent in the following ways:

    a. Failing to properly train Defendant's crew concerning how the operation should have been conducted;

    b. For the co-employee's action of loosening the middle rope;

    c. For failing to stop the scow barge from drifting;

    d. For failing to warn Plaintiff that the scow barge was shifting;

    e. Failing to provide a competent crew;

    f. Failing to implement policies that would have eliminated the possibility of the accident;

    g. Failing to provide a safe place to work; and

    h. Failing to use a back-up rope that would have prohibited the scow barge from shifting even if the middle rope was loosened.

    i. Other acts deemed negligent.

Unseaworthiness

12. Defendants owed a duty to Plaintiff to maintain the WEEKS 542 vessel in seaworthy condition. However, Plaintiff will show that the vessel was unseaworthy and

that said unseaworthiness was a proximate and/or producing case of Plaintiff's injuries, based on the reasons stated in paragraphs 9, 10 and 11 above which are re-asserted.

Maintenance and Cure

13. Plaintiff would show that on the above-mentioned dates, he was injured while in the course and scope of his employment with Defendant and while serving as a seaman in the service of the vessel.

14. To the extent that Defendant is now or in the future does not pay maintenance and cure, Plaintiff is entitled to maintenance and cure. If Defendant is willfully not paying maintenance and cure, Plaintiff will claim punitive damages, attorney's fees, and damages associated with any aggravation of his medical condition.

## VI. JURY TRIAL REQUESTED

15. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff HOLLIS PACE prays for damages and judgment against Defendant, WEEKS MARINE, in an amount to be determined by the presentation of evidence at the time of trial, together with taxable costs, pre-judgment interest, punitive damages, and reasonable attorneys' fees and costs. Plaintiff seeks past and future, medical expenses, pain and suffering, anguish, disfigurement, psychological stress, disability, loss of enjoyment of life. Plaintiff also seeks past lost earnings and future lost earning capacity.

Further, Plaintiff hereby demands a trial by jury and tenders the appropriate fee contemporaneous with this filing.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

By: /s/ *Steven J. Gordon*

    Steven J. Gordon
    SBN: 08207980
    Louisiana Bar No. 24109
    1811 Bering Drive, Suite 300
    Houston, Texas 77057
    (713) 668-9999 - Telephone
    (713) 668-1980 - Telecopier

    ATTORNEY FOR PLAINTIFF