RECORD COPY

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HOLLIS PACE** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1791** |
| **WEEKS MARINE, INC.**<br>**ATLANTIC SOUNDING CO., INC.** | **SECTION "I"** |

## INSTRUCTIONS TO THE JURY

YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. OF COURSE, YOU MUST NOT SINGLE OUT ONE INSTRUCTION, BUT YOU MUST FOLLOW AND APPLY ALL INSTRUCTIONS OF LAW AS A WHOLE IN CONSIDERING AND DECIDING THIS CASE.

IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. ON THE OTHER HAND, YOU THE JURY ARE THE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. STATEMENTS AND ARGUMENTS OF THE ATTORNEYS ARE NOT EVIDENCE AND ARE NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS.[1]

[1] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 3.1 (2009) (modified).

BURDEN OF PROOF

IN THIS CASE, THE PLAINTIFF MUST PROVE EVERY ESSENTIAL PART OF HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE.

A PREPONDERANCE OF THE EVIDENCE SIMPLY MEANS EVIDENCE THAT PERSUADES YOU THAT THE PLAINTIFF'S CLAIM IS MORE LIKELY TRUE THAN NOT TRUE.

IN DECIDING WHETHER ANY FACT HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF THE PROOF FAILS TO ESTABLISH ANY ESSENTIAL PART OF THE PLAINTIFF'S CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.[2]

---

[2] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.20 (2009).

## CONSIDERATION OF THE EVIDENCE

YOU MUST CONSIDER ONLY THE EVIDENCE IN THIS CASE. HOWEVER, YOU MAY DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO MAKE FROM THE FACTS ESTABLISHED BY THE TESTIMONY AND EVIDENCE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT FOR THE PROOF OF ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE YOU MAY CONSIDER. ONE IS DIRECT EVIDENCE – SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE – THE PROOF OF CIRCUMSTANCES THAT TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.[3]

[3] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.18 (2009).

## STIPULATIONS OF FACT

THE PARTIES HAVE AGREED, OR STIPULATED, TO CERTAIN FACTS AS SET FORTHIN IN THE STIPULATION READ IN OPEN COURT. THIS MEANS THAT BOTH SIDES AGREE THAT THEY ARE FACTS. YOU MUST THEREFORE TREAT THESE FACTS AS HAVING BEEN PROVED.[4]

[4] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.3 (2009).

## DEMONSTRATIVE EVIDENCE

CERTAIN EXHIBITS ARE ILLUSTRATIONS. SUCH EXHIBITS ARE A PARTY'S DESCRIPTION, PICTURE OR MODEL TO DESCRIBE SOMETHING INVOLVED IN THIS TRIAL. IF YOUR RECOLLECTION OF THE EVIDENCE DIFFERS FROM THE EXHIBIT, RELY ON YOUR RECOLLECTION.[5]

[5] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.8 (2009).

## IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY ABOUT SOME IMPORTANT FACT, OR, WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY HE GAVE AT THE TRIAL.

YOU SHOULD REMEMBER THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH. PEOPLE MAY TEND TO FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. IF A WITNESS HAS MADE A MISSTATEMENT, YOU MUST CONSIDER WHETHER IT WAS SIMPLY AN INNOCENT LAPSE OF MEMORY OR AN INTENTIONAL FALSEHOOD, AND THAT MAY DEPEND UPON WHETHER IT CONCERNS AN IMPORTANT FACT OR AN UNIMPORTANT DETAIL.[6]

---

[6] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.16 (2009).

## IMPEACHMENT BY WITNESSES' FELONY CONVICTION

IN WEIGHING THE CREDIBILITY OF A WITNESS, YOU MAY CONSIDER THE FACT THAT HE HAS PREVIOUSLY BEEN CONVICTED OF A FELONY. SUCH A CONVICTION DOES NOT NECESSARILY DESTROY THE WITNESS' CREDIBILITY, BUT IT IS ONE OF THE CIRCUMSTANCES YOU MAY TAKE INTO ACCOUNT IN DETERMINING THE WEIGHT TO GIVE TO HIS TESTIMONY.[7]

[7] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.17 (2009).

## DEPOSITION TESTIMONY

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS WERE READ OR SHOWN TO YOU DURING THE COURSE OF THE TRIAL. DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.[8]

[8] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.23 (2009).

# OBJECTIONS

DURING THE COURSE OF TRIAL YOU MAY HAVE HEARD OBJECTIONS TO EVIDENCE. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE ACCORDING TO LAW. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION. IF THE COURT HAS INSTRUCTED YOU TO DISREGARD CERTAIN EVIDENCE, YOU MUST DO SO.

## BENCH CONFERENCES AND RECESSES

AT TIMES DURING THE TRIAL IT MAY HAVE BEEN NECESSARY FOR ME TO TALK WITH THE LAWYERS HERE AT THE BENCH OUT OF YOUR HEARING, OR BY CALLING A RECESS. WE MEET BECAUSE OFTEN DURING A TRIAL SOMETHING COMES UP THAT DOES NOT INVOLVE THE JURY.[9]

[9] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.7 (2009).

THE COURT'S QUESTIONS TO WITNESSES

DURING THE COURSE OF THE TRIAL I MAY HAVE ASKED A QUESTION OF A WITNESS. SUCH QUESTIONS DO NOT INDICATE THAT I HAVE ANY OPINION ABOUT THE FACTS OF THE CASE. NOTHING I HAVE SAID OR DONE SHOULD LEAD YOU TO BELIEVE THAT I HAVE ANY OPINION ABOUT THE FACTS, NOR BE TAKEN AS INDICATING WHAT YOUR VERDICT SHOULD BE.

## BIAS—CORPORATE PARTY INVOLVED

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.[10]

[10] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.13 (2009).

BROUSSARD BROTHERS, INC.

YOU HAVE HEARD EVIDENCE DURING THE COURSE OF THIS TRIAL IN SUPPORT OF THE ARGUMENT THAT BROUSSARD BROTHERS, INC. WAS NEGLIGENT UNDER THE GENERAL MARITIME LAW. DURING YOUR DELIBERATIONS, YOU SHOULD NOT CONSIDER THE FACT THAT BROUSSARD BROTHERS, INC. HAS NOT BEEN REPRESENTED DURING THIS TRIAL. YOU SHOULD DRAW NO INFERENCE WHATSOEVER, EITHER FOR OR AGAINST ANYONE, FROM THE FACT THAT BROUSSARD BROTHERS, INC. HAS NOT BEEN REPRESENTED DURING THIS TRIAL.

EXPERT WITNESSES

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD—HE IS CALLED AN EXPERT WITNESS—IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.[11]

[11] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.13 (2009).

## JONES ACT—UNSEAWORTHINESS—MAINTENANCE AND CURE

THE PLAINTIFF IS ASSERTING THREE SEPARATE CLAIMS AGAINST THE DEFENDANTS IN THIS CASE.

THE PLAINTIFF'S FIRST CLAIM, UNDER A FEDERAL LAW KNOWN AS THE JONES ACT, IS THAT HIS EMPLOYER, ATLANTIC SOUNDING CO., INC., WAS NEGLIGENT, AND THAT HIS EMPLOYER'S NEGLIGENCE WAS A CAUSE OF HIS INJURIES.

THE PLAINTIFF'S SECOND CLAIM IS THAT THE UNSEAWORTHINESS OF A VESSEL OWNED BY WEEKS MARINE, INC. CAUSED HIS INJURIES.

THE PLAINTIFF'S THIRD CLAIM IS FOR MAINTENANCE AND CURE.

YOU MUST CONSIDER EACH OF THESE CLAIMS SEPARATELY. THE PLAINTIFF IS NOT REQUIRED TO PROVE ALL OF THESE CLAIMS. HE MAY RECOVER IF HE PROVES ANY ONE OF THEM. HOWEVER, HE MAY ONLY RECOVER THOSE DAMAGES OR BENEFITS THAT THE LAW PROVIDES FOR THE CLAIMS THAT HE PROVES; HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE. [12]

---

[12] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.3 (2009).

JONES ACT—NEGLIGENCE

UNDER THE JONES ACT, THE PLAINTIFF MUST PROVE THAT HIS EMPLOYER, ATLANTIC SOUNDING CO., INC., WAS NEGLIGENT. NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN A JONES ACT CLAIM, THE WORD "NEGLIGENCE" IS GIVEN A LIBERAL INTERPRETATION. IT INCLUDES ANY BREACH OF DUTY THAT AN EMPLOYER OWES TO HIS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW.

UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT CAUSED THE PLAINTIFF'S INJURY, IN WHOLE OR IN PART, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT. IN OTHER WORDS, UNDER THE JONES ACT, A DEFENDANT MUST BEAR THE RESPONSIBILITY FOR ANY NEGLIGENCE, HOWEVER SLIGHT, THAT PLAYED A PART IN CAUSING THE PLAINTIFF'S INJURY.[13]

NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK. IF YOU FIND THAT THE PLAINTIFF WAS INJURED BECAUSE THE DEFENDANT FAILED TO FURNISH HIM WITH A REASONABLY SAFE PLACE TO WORK, AND THAT THE PLAINTIFF'S WORKING CONDITIONS COULD HAVE BEEN MADE SAFE THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.

YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THE FACT THAT A CERTAIN PRACTICE HAS BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. HOWEVER, A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.

---

[13] *CSX Transp. Inc. v. Robert McBride*, 131 S. Ct. 2630 (2011).

A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF ITS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT ASSIGNED THE PLAINTIFF TO PERFORM A TASK THAT THE PLAINTIFF WAS NOT ADEQUATELY TRAINED TO PERFORM, YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.[14]

[14] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.4 (2009).

UNSEAWORTHINESS

THE PLAINTIFF SEEKS DAMAGES FOR PERSONAL INJURIES THAT HE CLAIMS WERE CAUSED BY THE UNSEAWORTHINESS OF VESSELS OWNED BY WEEKS MARINE, INC., NAMELY, THE WEEKS 542, BT 101, AND/OR BT 211.

A SHIPOWNER OWES TO EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE SHIP, AND ALL DECKS AND PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, PARTS AND EQUIPMENT OF THE VESSEL IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL—A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE—NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES A DUTY TO SUPPLY AN ADEQUATE AND COMPETENT CREW. A VESSEL MAY BE UNSEAWORTHY EVEN THOUGH IT HAS A NUMERICALLY ADEQUATE CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

HOWEVER, THE OWNER OF A VESSEL IS NOT REQUIRED TO FURNISH AN ACCIDENT FREE SHIP. HE NEED ONLY FURNISH A VESSEL AND ITS APPURTENANCES THAT ARE REASONABLY FIT FOR THEIR INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THEIR ASSIGNED TASKS.

THE SHIPOWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST OF CREWS, ON HIS VESSEL. HE IS ONLY REQUIRED TO PROVIDE GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE, AND A CREW THAT IS REASONABLY ADEQUATE.

IN SUMMARY, IF YOU FIND THAT THE OWNER OF THE VESSEL DID NOT PROVIDE AN ADEQUATE CREW OF SUFFICIENT MANPOWER TO PERFORM THE TASKS REQUIRED, OR IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT IN ACCORDANCE WITH THE LAW AS I HAVE JUST EXPLAINED IT TO YOU AND THAT THIS WAS A PROXIMATE CAUSE OF THE INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY

AND THE SHIPOWNER LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF WEEKS MARINE, INC. OR ANY OF ITS EMPLOYEES.

HOWEVER, IF YOU FIND THAT THE OWNER HAD A CAPABLE CREW AND APPLIANCES AND GEAR THAT WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND WEEKS MARINE, INC. IS NOT LIABLE TO THE PLAINTIFF WITH RESPECT TO THE CLAIM OF UNSEAWORTHINESS.[15]

[15] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.5 (2009).

## GENERAL MARITIME LAW—NEGLIGENCE

ATLANTIC SOUNDING CO., INC. AND WEEKS MARINE, INC. CLAIM THAT PLAINTIFF'S ALLEGED INJURIES WERE CAUSED BY THE NEGLIGENCE OF BROUSSARD BROTHERS, INC. NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT OR CAREFUL PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. IN OTHER WORDS, NEGLIGENCE IS THE FAILURE TO USE ORDINARY CARE UNDER THE CIRCUMSTANCES.

IN ORDER TO ESTABLISH THAT BROUSSARD BROTHERS, INC. WAS NEGLIGENT UNDER THE GENERAL MARITIME LAW, DEFENDANTS MUST SHOW BY A PREPONDERANCE OF EVIDENCE:

1) THAT BROUSSARD BROTHERS, INC. OWED THE PLAINTIFF A DUTY OF CARE;

2) THAT BROUSSARD BROTHERS, INC. BREACHED THE DUTY;

3) THAT THE PLAINTIFF SUFFERED DAMAGES; AND

4) THE BREACH OF THE DUTY PROXIMATELY CAUSED THE DAMAGES.[16]

BROUSSARD BROTHERS, INC. OWED A DUTY TO THE PLAINTIFF TO ACT REASONABLY UNDER THE CIRCUMSTANCES TO PREVENT FORESEEABLE HARM.[17] HARM IS THE FORESEEABLE CONSEQUENCE OF AN ACT OR OMISSION IF THE GENERAL TYPE OF HARM WHICH OCCURRED TO THE PLAINTIFF MIGHT HAVE BEEN ANTICIPATED BY A REASONABLY THOUGHTFUL PERSON, AS A PROBABLE RESULT OF THE ACT OR OMISSION, CONSIDERING THE INTERPLAY OF NATURAL FORCES AND LIKELY HUMAN INTERVENTION. IN OTHER WORDS, BROUSSARD BROTHERS, INC. HAD A DUTY TO ACT WITH ORDINARY CARE AS A REASONABLY CAREFUL PERSON WOULD TO PREVENT FORESEEABLE HARM TO THE PLAINTIFF. FORESEEABLE HARM IS HARM WHICH IS REASONABLY FORESEEABLE TO A REASONABLY THOUGHTFUL PERSON. THE DEGREE OF CARE NECESSARY TO

[16] *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (citing *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991).

[17] *Consolidated Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir. 1987); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632, 79 S.Ct. 406, 411, 3 L.Ed.2d 550 (1959).

CONSTITUTE ORDINARY CARE REQUIRED OF A PERSON UPON ANY PARTICULAR OCCASION IS MEASURED BY REFERENCE TO THE CIRCUMSTANCES OF DANGER AND RISK KNOWN TO SUCH PERSON AT THE TIME.[18]

AS I SHALL EXPLAIN SHORTLY, MARITIME WORKERS MUST ALSO EXERCISE REASONABLE CARE AND PRUDENCE. BROUSSARD BROTHERS IS NOT AN ABSOLUTE INSURER OF THE WORKER'S SAFETY AND IF A MARITIME WORKER IS INJURED IN THE ABSENCE OF NEGLIGENCE ON THE PART OF BROUSSARD BROTHERS, THEN BROUSSARD BROTHERS IS NOT LIABLE FOR THE INJURIES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT. BROUSSARD BROTHERS IS LIABLE ONLY IF IT HAS BEEN NEGLIGENT. IF PLAINTIFF WAS INJURED WITHOUT FAULT ON THE PART OF BROUSSARD BROTHERS, INC. THEN BROUSSARD BROTHERS, INC. IS NOT LIABLE UNDER THE GENERAL MARITIME LAW.

---

[18] *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980).

CONTRIBUTORY NEGLIGENCE

THE DEFENDANTS CONTEND THAT THE PLAINTIFF WAS NEGLIGENT, AND THAT THE PLAINTIFF'S NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. THE DEFENDANTS HAVE THE BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT. IF THE PLAINTIFF WAS GUILTY OF CONTRIBUTORY NEGLIGENCE THAT CONTRIBUTED TO HIS INJURY, HE NEVERTHELESS MAY RECOVER. HOWEVER, THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

A SEAMAN IS OBLIGATED TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. IN OTHER WORDS, A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES. CONTRIBUTORY NEGLIGENCE MAY BE FOUND WHERE A SEAMAN HAS CONCEALED MATERIAL INFORMATION ABOUT A PRE-EXISTING INJURY OR PHYSICAL CONDITION FROM HIS EMPLOYER; EXPOSES HIS BODY TO A RISK OF REINJURY OR AGGRAVATION OF THE CONDITION; AND THEN SUFFERS REINJURY OR AGGRAVATION OF THE INJURY.[19]

IF YOU FIND THAT DEFENDANTS ARE LIABLE UNDER THE JONES ACT AND/OR FOR THE UNSEAWORTHINESS OF THE WEEKS 542, BT 101, AND/OR BT 211, AND YOU ALSO FIND CONTRIBUTORY NEGLIGENCE ON THE PART OF PLAINTIFF, THEN YOU MUST DETERMINE THE PERCENTAGE THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE CONTRIBUTED TO THE ACCIDENT.

YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE SPECIAL INTERROGATORIES. DO NOT MAKE ANY REDUCTION IN

[19] *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 303-04 (5th Cir. 2008); *Ramirez v. Am. Pollution Control. Corp.*, 364 F. App'x 856 (5th Cir. 2010); *Savoie v. Otto Candies, Inc.*, 692 F.2d 363, 372 (5th Cir. 1982) ("Where a seaman knowingly exposes himself to conditions of employment while aware of an illness or disability which makes those conditions unsafe to him, or where a seaman has the possibility of securing relief from unsafe conditions by informing his superiors of them, but continues to work without doing so, he may be found to be contributorily negligent."); *cf. Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 732 (E.D. La. 2009) (Vance, J.).

THE AMOUNT OF DAMAGES THAT YOU AWARD TO THE PLAINTIFF. I WILL REDUCE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO THE PLAINTIFF.[20]

[20] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.7 (2009).

## CAUSATION

NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY.

IN DETERMINING CAUSATION, A DIFFERENT RULE APPLIES TO THE JONES ACT CLAIM AND TO THE UNSEAWORTHINESS CLAIM.

UNDER THE JONES ACT, FOR BOTH THE EMPLOYER'S NEGLIGENCE AND THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE, AN INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART. IN OTHER WORDS, UNDER THE JONES ACT, A DEFENDANT AND A PLAINTIFF EACH BEAR THE RESPONSIBILITY FOR ANY NEGLIGENCE, HOWEVER, SLIGHT, THAT PLAYED A PART IN CAUSING THE PLAINTIFF'S INJURY.[21]

IN AN UNSEAWORTHINESS CLAIM, THE PLAINTIFF MUST SHOW, NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE INJURY OR DAMAGE, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT THE PLAINTIFF MUST SHOW THAT THE CONDITION IN QUESTION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY OR DAMAGE, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.[22]

IN AN UNSEAWORTHINESS CLAIM, PROOF OF THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE ALSO REQUIRES THE DEFENDANT TO SHOW, NOT MERELY THAT THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE WAS A CAUSE OF THE INJURY OR DAMAGE, BUT THAT THE PLAINTIFF'S NEGLIGENCE WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT THE DEFENDANT MUST SHOW THAT THE PLAINTIFF'S NEGLIGENCE PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR DAMAGE, AND THAT THE INJURY OR DAMAGE WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE PLAINTIFF'S NEGLIGENCE.[23]

---

[21] *CSX Transp. Inc. v. Robert McBride*, 131 S. Ct. 2630 (2011).

[22] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.6 (2009).

[23] *See Alvarez v. J. Ray McDermott & Co., Inc.*, 674 F.2d 1037, 1043 (5th Cir. 1982); *Comeaux v. T.L. James & Co., Inc.*, 702 F.2d 1023, 1024-25 (5th Cir. 1983).

WITH RESPECT TO DEFENDANTS' CLAIM OF NEGLIGENCE BY BROUSSARD BROTHERS, INC. UNDER THE GENERAL MARITIME LAW, DEFENDANTS MUST SHOW NOT MERELY THAT THE NEGLIGENCE OF BROUSSARD BROTHERS, INC. WAS A CAUSE OF THE INJURY OR DAMAGE, BUT THAT SUCH NEGLIGENCE WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT DEFENDANTS MUST SHOW THAT THE NEGLIGENCE IN QUESTION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING PLAINTIFF'S INJURY OR DAMAGE, AND THAT THE INJURY OR DAMAGE WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE NEGLIGENCE.

WITH RESPECT TO DEFENDANTS' CLAIM OF NEGLIGENCE BY BROUSSARD BROTHERS, INC. UNDER THE GENERAL MARITIME LAW, PROOF OF THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE ALSO REQUIRES DEFENDANTS TO SHOW, NOT MERELY THAT THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE WAS A CAUSE OF THE INJURY OR DAMAGE, BUT THAT THE PLAINTIFF'S NEGLIGENCE WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT DEFENDANTS MUST SHOW THAT THE PLAINTIFF'S NEGLIGENCE PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR DAMAGE, AND THAT THE INJURY OR DAMAGE WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE PLAINTIFF'S NEGLIGENCE.

MAINTENANCE AND CURE

THE PLAINTIFF'S THIRD CLAIM IS THAT, AS A SEAMAN, HE IS ENTITLED TO RECOVER MAINTENANCE AND CURE. THIS CLAIM IS SEPARATE AND INDEPENDENT FROM BOTH THE JONES ACT AND THE UNSEAWORTHINESS CLAIMS OF THE PLAINTIFF. YOU MUST DECIDE THIS CLAIM SEPARATELY FROM YOUR DETERMINATION OF HIS JONES ACT AND UNSEAWORTHINESS CLAIMS.

IN THIS PARTICULAR CASE, YOU ARE NOT GOING TO BE ASKED TO DETERMINE THE MAINTENANCE, IF ANY, TO WHICH PLAINTIFF IS ENTITLED. YOUR FOCUS WILL BE WHETHER PLAINTIFF IS ENTITLED TO CURE AND, IF SO, IN WHAT AMOUNT.

MAINTENANCE AND CURE IS A SEAMAN'S REMEDY. PLAINTIFF IS A SEAMAN AND HE IS, THEREFORE, ORDINARILY ENTITLED TO MAINTENANCE AND CURE.

MAINTENANCE AND CURE PROVIDES A SEAMAN, WHO IS DISABLED BY INJURY OR ILLNESS WHILE IN THE SERVICE OF THE SHIP, MEDICAL CARE AND TREATMENT, AND THE MEANS OF MAINTAINING HIMSELF, WHILE RECUPERATING.

A SEAMAN IS ENTITLED TO MAINTENANCE AND CURE EVEN THOUGH HE WAS NOT INJURED AS A RESULT OF ANY NEGLIGENCE ON THE PART OF HIS EMPLOYER OR ANY UNSEAWORTHY CONDITION OF THE VESSEL. TO RECOVER MAINTENANCE AND CURE, THE PLAINTIFF NEED ONLY SHOW THAT HE SUFFERED INJURY OR ILLNESS WHILE IN THE SERVICE OF THE VESSEL ON WHICH HE WAS EMPLOYED AS A SEAMAN, WITHOUT WILLFUL MISBEHAVIOR ON HIS PART. THE INJURY OR ILLNESS NEED NOT BE WORK RELATED, IT NEED ONLY OCCUR WHILE THE SEAMAN IS IN THE SERVICE OF THE SHIP. AND MAINTENANCE AND CURE MAY NOT BE REDUCED BECAUSE OF ANY NEGLIGENCE ON THE PART OF THE SEAMAN.

THE "CURE" TO WHICH A SEAMAN MAY BE ENTITLED INCLUDES THE COST OF MEDICAL ATTENTION, INCLUDING THE SERVICES OF PHYSICIANS AND NURSES AS WELL AS THE COST OF HOSPITALIZATION, MEDICINES AND MEDICAL APPARATUS. HOWEVER, THE EMPLOYER DOES NOT HAVE A DUTY TO PROVIDE CURE FOR ANY PERIOD OF TIME DURING WHICH A SEAMAN IS HOSPITALIZED AT THE EMPLOYER'S EXPENSE.

A SEAMAN IS ENTITLED TO RECEIVE MAINTENANCE AND CURE FROM THE DATE HE LEAVES THE VESSEL UNTIL HE REACHES THE POINT OF WHAT IS CALLED "MAXIMUM MEDICAL IMPROVEMENT." MAXIMUM MEDICAL IMPROVEMENT IS THE POINT AT WHICH NO FURTHER IMPROVEMENT IN THE SEAMAN'S MEDICAL CONDITION IS REASONABLY EXPECTED. THUS, IF IT APPEARS THAT A SEAMAN'S CONDITION IS INCURABLE, OR THAT THE TREATMENT WILL ONLY RELIEVE PAIN BUT WILL NOT IMPROVE A SEAMAN'S PHYSICAL CONDITION, HE HAS REACHED MAXIMUM MEDICAL IMPROVEMENT. THE OBLIGATION TO PROVIDE MAINTENANCE AND CURE USUALLY ENDS WHEN A QUALIFIED MEDICAL OPINION IS TO THE EFFECT THAT MAXIMUM MEDICAL IMPROVEMENT HAS BEEN ACCOMPLISHED.

IF YOU DECIDE THAT THE PLAINTIFF IS ENTITLED TO CURE, YOU MUST DETERMINE WHEN THE EMPLOYER'S OBLIGATION TO PAY CURE BEGAN, AND WHEN IT ENDS. ONE FACTOR YOU MAY CONSIDER IN DETERMINING WHEN THE PERIOD ENDS IS THE DATE WHEN THE SEAMAN RESUMED HIS EMPLOYMENT, IF HE DID SO. HOWEVER, IF THE EVIDENCE SUPPORTS A FINDING THAT ECONOMIC NECESSITY FORCED THE SEAMAN TO RETURN TO WORK PRIOR TO REACHING MAXIMUM MEDICAL IMPROVEMENT, YOU MAY TAKE THAT FINDING INTO CONSIDERATION IN DETERMINING WHEN THE PERIOD FOR CURE ENDS.

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES UNDER EITHER THE JONES ACT OR UNSEAWORTHINESS CLAIMS, AND IF YOU AWARD HIM MEDICAL EXPENSES, THEN YOU MAY NOT AWARD HIM CURE FOR THE SAME PERIOD OF TIME. THAT IS BECAUSE THE PLAINTIFF MAY NOT RECOVER TWICE FOR THE SAME MEDICAL EXPENSES.[24]

---

[24] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.11 (2009).

## DEFENSE TO MAINTENANCE AND CURE

AN EMPLOYER IS ENTITLED TO RELY ON CERTAIN LEGAL DEFENSES TO DENY MAINTENANCE AND CURE CLAIMS. ONE SUCH DEFENSE IS THAT AN INJURED SEAMAN WILLFULLY CONCEALED FROM HIS EMPLOYER A PRE-EXISTING MEDICAL CONDITION DURING A PRE-HIRING MEDICAL EXAMINATION. A SEAMAN WHO WILLFULLY CONCEALS A PRE-EXISTING INJURY FROM HIS EMPLOYER DURING A PRE-HIRING MEDICAL EXAMINATION MAY NOT RECOVER DAMAGES FOR MAINTENANCE AND CURE IF THAT INJURY IS AGGRAVATED DURING A LATER VOYAGE.

IN ORDER TO PREVAIL ON THIS DEFENSE, THE DEFENDANT MUST ESTABLISH EACH OF THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

(1) THE PLAINTIFF INTENTIONALLY MISREPRESENTED OR CONCEALED MEDICAL FACTS DURING A PRE-HIRING MEDICAL EXAMINATION. THIS ELEMENT DOES NOT REQUIRE A FINDING OF SUBJECTIVE INTENT TO CONCEAL. FAILURE TO DISCLOSE MEDICAL INFORMATION IN AN INTERVIEW OR QUESTIONNAIRE THAT IS OBVIOUSLY DESIGNED TO ELICIT SUCH INFORMATION SATISFIES THE "INTENTIONAL CONCEALMENT" REQUIREMENT.

(2) THE NON-DISCLOSED FACTS WERE MATERIAL TO THE EMPLOYER'S DECISION TO HIRE THE PLAINTIFF. THE FACT THAT AN EMPLOYER ASKS A SPECIFIC MEDICAL QUESTION ON AN APPLICATION, AND THAT THE INQUIRY IS RATIONALLY RELATED TO THE APPLICANT'S PHYSICAL ABILITY TO PERFORM HIS JOB DUTIES, RENDERS THE INFORMATION MATERIAL.

(3) A CONNECTION EXISTS BETWEEN THE WITHHELD INFORMATION AND THE INJURY COMPLAINED OF IN THE LAWSUIT. THERE IS NO REQUIREMENT THAT A PRESENT INJURY BE IDENTICAL TO A PREVIOUS INJURY. ALL THAT IS REQUIRED IS A CAUSAL LINK BETWEEN THE PRE-EXISTING DISABILITY THAT WAS CONCEALED AND THE DISABILITY INCURRED DURING THE VOYAGE.

IF YOU FIND THAT MAINTENANCE AND CURE WAS WRONGLY PAID TO THE PLAINTIFF, DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES, IF ANY, THAT YOU AWARD TO THE PLAINTIFF. IF APPROPRIATE, I WILL REDUCE

THE DAMAGES THAT YOU AWARD IN THE EVENT YOU FIND THAT MAINTENANCE AND CURE BENEFITS WERE WRONGLY PAID TO THE SEAMAN.[25]

[25] *McCorpen v. Central Gulf SS Corp.*, 396 F.2d 547, 548, 549 (5th Cir. 1968); *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166 (5th Cir. 2005) (en banc).

## DAMAGES

IF YOU FIND THAT A DEFENDANT IS LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE AS FULL AND JUST COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE—THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGE THAT THE PLAINTIFF HAS SUFFERED.

COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, FOR IT IS ONLY ACTUAL DAMAGES—WHAT THE LAW CALLS COMPENSATORY DAMAGES—THAT ARE RECOVERABLE. HOWEVER, COMPENSATORY DAMAGES ARE NOT RESTRICTED TO ACTUAL LOSS OF TIME OR MONEY; THEY INCLUDE BOTH THE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. THEY ARE AN ATTEMPT TO MAKE THE PLAINTIFF WHOLE, OR TO RESTORE HIM TO THE POSITION HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT THE PLAINTIFF PROVES WERE CAUSED, AS THAT TERM HAS BEEN PREVIOUSLY DEFINED, BY A DEFENDANTS' ALLEGED WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THAT THE PLAINTIFF HAS ESTABLISHED SUCH DAMAGES BY A PREPONDERANCE OF THE EVIDENCE:

1. PAST AND FUTURE PHYSICAL PAIN AND SUFFERING INCLUDING PHYSICAL DISABILITY, IMPAIRMENT, AND INCONVENIENCE, AND THE EFFECT OF THE PLAINTIFF'S INJURIES AND INCONVENIENCE ON THE NORMAL PURSUITS AND PLEASURES OF LIFE.

2. MENTAL ANGUISH AND FEELINGS OF ECONOMIC INSECURITY CAUSED BY DISABILITY.

3. INCOME AND BENEFITS LOST IN THE PAST.

4. LOSS OF FUTURE EARNINGS, BENEFITS, AND IMPAIRMENT OF EARNING CAPACITY OR ABILITY IN THE FUTURE, INCLUDING IMPAIRMENT IN THE NORMAL PROGRESS IN THE PLAINTIFF'S EARNING CAPACITY DUE TO HIS PHYSICAL CONDITION.

5. PAST MEDICAL EXPENSES;

6. THE REASONABLE VALUE, NOT EXCEEDING ACTUAL COST TO THE PLAINTIFF, OF MEDICAL CARE THAT YOU FIND FROM THE EVIDENCE WILL BE REASONABLY CERTAIN TO BE REQUIRED IN THE FUTURE AS A PROXIMATE RESULT OF THE INJURY IN QUESTION.

SOME OF THESE DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, BUT YOU SHOULD AWARD AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR HIS INJURIES.

ANY AWARD YOU MAKE TO THE PLAINTIFF IS NOT SUBJECT TO INCOME TAX; NEITHER THE STATE NOR THE FEDERAL GOVERNMENT WILL TAX IT. THEREFORE, EXCEPT AS I WILL INSTRUCT YOU WITH RESPECT TO LOSS OF PAST AND FUTURE WAGES AND/OR EARNING CAPACITY, YOU SHOULD DETERMINE THE AMOUNT THAT PLAINTIFF IS ENTITLED TO RECEIVE WITHOUT CONSIDERING THE EFFECT OF TAXES UPON IT.[26]

---

[26] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.8 (2009); Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.2 (2009).

## CALCULATION OF PAST AND FUTURE DAMAGES

A. DAMAGES ACCRUED

IF YOU FIND FOR THE PLAINTIFF, HE IS ENTITLED TO RECOVER AN AMOUNT THAT WILL FAIRLY COMPENSATE HIM FOR ANY DAMAGES HE HAS SUFFERED TO DATE.

B. CALCULATION OF FUTURE DAMAGES

IF YOU FIND THAT THE PLAINTIFF IS REASONABLY CERTAIN TO SUFFER DAMAGES IN THE FUTURE FROM HIS INJURIES, THEN YOU SHOULD AWARD HIM THE AMOUNT YOU BELIEVE WOULD FAIRLY COMPENSATE HIM FOR SUCH FUTURE DAMAGES.

C. REDUCTION OF FUTURE DAMAGES TO PRESENT VALUE

AN AWARD OF FUTURE DAMAGES NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE. IF YOU SHOULD FIND THAT THE PLAINTIFF IS ENTITLED TO FUTURE DAMAGES, INCLUDING FUTURE EARNINGS, THEN YOU MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES.

IF YOU AWARD DAMAGES FOR LOSS OF FUTURE EARNINGS, YOU MUST CONSIDER TWO PARTICULAR FACTORS:

1. YOU SHOULD REDUCE ANY AWARD BY THE AMOUNT OF THE EXPENSES THAT THE PLAINTIFF WOULD HAVE INCURRED IN MAKING THOSE EARNINGS.

2. IF YOU MAKE AN AWARD FOR FUTURE LOSS OF EARNINGS, YOU MUST REDUCE IT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF HE MADE A RELATIVELY RISK-FREE INVESTMENT. THE REASON WHY YOU MUST MAKE THIS REDUCTION IS BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVES IT TODAY THAN IF HE RECEIVED IT IN THE FUTURE, WHEN HE WOULD OTHERWISE HAVE EARNED IT. IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE HE

WOULD HAVE EARNED THE MONEY. THUS YOU SHOULD ADJUST THE AMOUNT OF ANY AWARD FOR FUTURE LOSS OF EARNINGS BY THE AMOUNT OF INTEREST THAT THE PLAINTIFF CAN EARN ON THAT AMOUNT IN THE FUTURE.

IF YOU MAKE ANY AWARD FOR FUTURE MEDICAL EXPENSES, YOU SHOULD ADJUST OR DISCOUNT THE AWARD TO PRESENT VALUE IN THE SAME MANNER AS WITH LOSS OF FUTURE EARNINGS.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH.[27]

[27] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.3 (2009).

## INJURY, PAIN, DISABILITY, DISFIGUREMENT, LOSS OF CAPACITY FOR ENJOYMENT OF LIFE

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT THE PLAINTIFF SUSTAINED AND ANY PAIN AND SUFFERING, DISABILITY, DISFIGUREMENT, MENTAL ANGUISH AND/OR LOSS OF CAPACITY FOR ENJOYMENT OF LIFE THAT THE PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF THE BODILY INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.[28]

AS I PREVIOUSLY STATED, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR PAST AND FUTURE PAIN AND SUFFERING OR PAST AND FUTURE MENTAL AND EMOTIONAL ANGUISH.[29]

---

[28] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.4 (2009).

[29] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.3 (2009).

AGGRAVATION OF INJURY

YOU MAY AWARD DAMAGES FOR AGGRAVATION OF A PRE-EXISTING CONDITION RESULTING FROM PHYSICAL INJURY TO THE PLAINTIFF. IF YOU FIND THAT THERE WAS SUCH AN AGGRAVATION, YOU SHOULD DETERMINE, IF YOU CAN, WHAT PORTION OF THE PLAINTIFF'S CONDITION RESULTED FROM THE AGGRAVATION, AND MAKE ALLOWANCE IN YOUR VERDICT ONLY FOR THE AGGRAVATION.[30]

[30] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.5 (2009).

LOSS OF EARNINGS AND/OR EARNING CAPACITY

YOU SHOULD CALCULATE ANY EARNINGS AND BENEFITS LOST, ANY LOSS OF ABILITY TO EARN MONEY SUSTAINED IN THE PAST, AND ANY SUCH LOSS IN THE FUTURE, INCLUDING LOSS OF EARNING CAPACITY.[31]

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF FUTURE EARNINGS, YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS, YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD THE PLAINTIFF ONLY HIS NET EARNINGS AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX. THE FEDERAL OR STATE GOVERNMENT WILL NOT TAX ANY AMOUNT WHICH YOU AWARD ON THIS BASIS.[32]

[31] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.7 (2009).

[32] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.12 (2009) (modified).

MITIGATION OF DAMAGES

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE—TO AVOID OR MINIMIZE THOSE DAMAGES.

IF YOU FIND THE DEFENDANT IS LIABLE AND THE PLAINTIFF HAS SUFFERED DAMAGES, THE PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY HIM RECOVERY FOR THOSE DAMAGES WHICH HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER THE PLAINTIFF ACTED REASONABLY IN AVOIDING OR MINIMIZING HIS DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES. THE DEFENDANT HAS THE BURDEN OF PROVING THE DAMAGES WHICH THE PLAINTIFF COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE THE PLAINTIFF'S DAMAGES BECAUSE OF HIS FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE DEFENDANT HAS SATISFIED HIS BURDEN OF PROVING THAT THE PLAINTIFF'S CONDUCT WAS NOT REASONABLE.[33]

---

[33] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.15 (2009).

CAUTIONARY INSTRUCTION ON DAMAGES

YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE.[34]

[34] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.22 (2009).

PROHIBITED COMMUNICATIONS

DURING YOUR DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY OR COMPUTER; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, OR WEBSITE SUCH AS FACEBOOK, MYSPACE, LINKEDIN, YOUTUBE OR TWITTER, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT. IN OTHER WORDS, YOU CANNOT TALK TO ANYONE ON THE PHONE, CORRESPOND WITH ANYONE, OR ELECTRONICALLY COMMUNICATE WITH ANYONE ABOUT THIS CASE. YOU CAN ONLY DISCUSS THE CASE IN THE JURY ROOM WITH YOUR FELLOW JURORS DURING DELIBERATIONS. I EXPECT YOU WILL INFORM ME AS SOON AS YOU BECOME AWARE OF ANOTHER JUROR'S VIOLATION OF THESE INSTRUCTIONS.

YOU MAY NOT USE THESE ELECTRONIC MEANS TO INVESTIGATE OR COMMUNICATE ABOUT THE CASE BECAUSE IT IS IMPORTANT THAT YOU DECIDE THIS CASE BASED SOLELY ON THE EVIDENCE PRESENTED IN THIS COURTROOM. INFORMATION ON THE INTERNET OR AVAILABLE THROUGH SOCIAL MEDIA MIGHT BE WRONG, INCOMPLETE, OR INACCURATE. YOU ARE ONLY PERMITTED TO DISCUSS THE CASE WITH YOUR FELLOW JURORS DURING DELIBERATIONS BECAUSE THEY HAVE SEEN AND HEARD THE SAME EVIDENCE YOU HAVE. IN OUR JUDICIAL SYSTEM, IT IS IMPORTANT THAT YOU ARE NOT INFLUENCED BY ANYTHING OR ANYONE OUTSIDE OF THIS COURTROOM. OTHERWISE, YOUR DECISION MAY BE BASED ON INFORMATION KNOWN ONLY BY YOU AND NOT YOUR FELLOW JURORS OR THE PARTIES IN THE CASE. THIS WOULD UNFAIRLY AND ADVERSELY IMPACT THE JUDICIAL PROCESS.[35]

---

[35] Judicial Conference Committee on Court Administration and Case Management, *Proposed Model Jury Instructions: The Use of Electronic Technology to Conduct Research on or Communicate about a Case* (June 2012).

DUTY TO DELIBERATE

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU THIS CHARGE AND THE EXHIBITS THAT THE COURT HAS ADMITTED INTO EVIDENCE. SELECT YOUR FOREPERSON AND CONDUCT YOUR DELIBERATIONS. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT I HAVE GIVEN YOU CONCERNING YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON MUST FILL IN YOUR ANSWERS TO THE WRITTEN QUESTIONS AND SIGN AND DATE THE VERDICT FORM. RETURN THIS CHARGE TOGETHER WITH YOUR WRITTEN ANSWERS TO THE QUESTIONS. UNLESS I DIRECT YOU OTHERWISE, DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A WRITTEN MESSAGE TO THE BAILIFF, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM. I WILL ALWAYS FIRST SHOW THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER YOU TO DO SO.

YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.[36]

[36] Fifth Circuit Pattern Jury Instructions (Civil Cases) §§ 2.11; 2.12 (2009).