**JURY COPY**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HOLLIS PACE** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1791** |
| **ATLANTIC SOUNDING CO., INC.**<br>**WEEKS MARINE, INC.** | **SECTION "I"** |

INTERROGATORIES TO THE JURY

1. DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT, ATLANTIC SOUNDING CO., INC., WAS NEGLIGENT UNDER THE JONES ACT AND THAT SUCH NEGLIGENCE WAS A CAUSE, IN WHOLE OR IN PART, OF THE DAMAGE OR INJURY TO THE PLAINTIFF, HOLLIS PACE?

   Yes ✓ No ____

   *Proceed to Question No. 2.*

2. DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE WEEKS 542, BT 101, AND/OR BT 211, WERE UNSEAWORTHY AND THAT SUCH UNSEAWORTHINESS WAS A PROXIMATE CAUSE OF THE DAMAGE OR INJURY TO THE PLAINTIFF, HOLLIS PACE?

   Yes ✓ No ____

   *If you answered "No" to Question No. 1 and Question No.2, skip Question Nos. 3-6 and proceed to Question No.7.*

   *If you answered "Yes" to Question No. 1 or Question No. 2, proceed to Question No. 3.*

3. DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT BROUSSARD BROTHERS, INC. WAS NEGLIGENT UNDER THE GENERAL MARITIME LAW AND THAT SUCH NEGLIGENCE WAS A PROXIMATE CAUSE OF THE DAMAGE OR INJURY TO THE PLAINTIFF, HOLLIS PACE?

   Yes ✓ No ____

   *Proceed to Question No. 4.*

4. DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF, HOLLIS PACE, WAS CONTRIBUTORILY NEGLIGENT AND THAT SUCH CONTRIBUTORY NEGLIGENCE CAUSED HIS DAMAGE OR INJURY AS THOSE TERMS HAVE BEEN PREVIOUSLY DEFINED?

Yes ✓ No _____

*Proceed to Question No. 5.*

5. INDICATE WHAT PERCENTAGE, IF ANY, OF THE PLAINTIFF'S DAMAGES YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE TO HAVE BEEN CAUSED BY:

a. Jones Act Negligence of ATLANTIC SOUNDING CO., INC.
(*Answer only if you answered "Yes" to Question No. 1)* 30 %

b. Unseaworthiness of the WEEKS 542, BT 101, or BT 211.
(*Answer only if you answered "Yes" to Question No. 2)* 30 %

c. General Maritime Law Negligence of BROUSSARD BROTHERS, INC.
(*Answer only if you answered "Yes" to Question No. 3)* 30 %

d. Contributory Negligence of HOLLIS PACE.
(*Answer only if you answered "Yes" to Question No. 4)* 10 %

THE TOTAL MUST EQUAL 100%

*Proceed to Question No. 6.*

6. WHAT AMOUNT, IF ANY, DO YOU FIND WILL FAIRLY AND ADEQUATELY COMPENSATE THE PLAINTIFF, HOLLIS PACE, FOR THE INJURIES HE SUSTAINED AS A RESULT OF THE NEGLIGENCE OF THE DEFENDANT, ATLANTIC SOUNDING CO., INC., BROUSSARD BROTHERS, INC., AND/OR THE UNSEAWORTHINESS OF THE WEEKS 542, BT 101, OR BT 211? *(Answer only if you answered "Yes" to Question No. 1 or Question No. 2)*

**Do not make any deductions for the plaintiff's negligence, if any. The court will make any calculations that are necessary.**

a. Past and future pain and suffering, including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life. $ 50,000.00

b. Past economic loss. $ -0-

c. Future economic loss. $ -0-

d. Past medical expenses. $ -0-

e. Future medical expenses. $ -0-

*Proceed to Question No. 7.*

INTERROGATORIES RELATING TO MAINTENANCE AND CURE

7. WITH RESPECT TO PLAINTIFF'S ALLEGED NECK INJURY, DO YOU FIND THAT PLAINTIFF, HOLLIS PACE, HAS REACHED MAXIMUM MEDICAL IMPROVEMENT?

Yes ✓ No ____

*If you answered "Yes" to Question No. 7, proceed to Question No. 8.*

*If you answered "No" to Question No. 7, skip Question No. 8 and proceed to Question No. 9.*

8. WITH RESPECT TO PLAINTIFF'S ALLEGED NECK INJURY, ON WHAT DATE DO YOU FIND THAT PLAINTIFF, HOLLIS PACE, REACHED MAXIMUM MEDICAL IMPROVEMENT?

6-2-11

*Proceed to Question No. 9.*

9. WITH RESPECT TO PLAINTIFF'S ALLEGED NECK INJURY, DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF, HOLLIS PACE, INTENTIONALLY MISREPRESENTED OR CONCEALED MEDICAL FACTS DURING A PRE-HIRING MEDICAL EXAMINATION; THE NON-DISCLOSED FACTS WERE MATERIAL TO HIS EMPLOYER'S DECISION TO HIRE HIM; AND A CONNECTION EXISTS BETWEEN THE WITHHELD INFORMATION AND THE ALLEGED NECK INJURY COMPLAINED OF IN THIS LAWSUIT ?

Yes ✓ No ____

*Proceed to Question No. 10.*

10. WITH RESPECT TO PLAINTIFF'S ALLEGED BACK INJURY, DO YOU FIND THAT PLAINTIFF, HOLLIS PACE, HAS REACHED MAXIMUM MEDICAL IMPROVEMENT?

Yes ✓ No ____

*If you answered "Yes" to Question No. 10, proceed to Question No. 11.*

*If you answered "No" to Question No. 10, skip Question No.11 and proceed to Question No. 12.*

11. WITH RESPECT TO PLAINTIFF'S ALLEGED BACK INJURY, ON WHAT DATE DO YOU FIND THAT PLAINTIFF, HOLLIS PACE, REACHED MAXIMUM MEDICAL IMPROVEMENT?

6-2-11

*Proceed to Question No. 12.*

12. WITH RESPECT TO PLAINTIFF'S ALLEGED BACK INJURY, DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF, HOLLIS PACE, INTENTIONALLY MISREPRESENTED OR CONCEALED MEDICAL FACTS DURING A PRE-HIRING MEDICAL EXAMINATION; THE NON-DISCLOSED FACTS WERE MATERIAL TO HIS EMPLOYER'S DECISION TO HIRE HIM; AND A CONNECTION EXISTS BETWEEN THE WITHHELD INFORMATION AND THE ALLEGED BACK INJURY COMPLAINED OF IN THIS LAWSUIT?

Yes ✓ No ____

*Proceed to Question No. 13.*

13. WHAT AMOUNT OF CURE, IF ANY, DO YOU FIND THAT PLAINTIFF, HOLLIS PACE, IS ENTITLED?

$ 40,000.00

*The foreperson should sign and date this form and hand it to the marshal.*

New Orleans, Louisiana, this 15 day of August, 2013.

Robin Rase

FOREPERSON