**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | |
|---|---|
| **HOLLIS PACE** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1791** |
| **WEEKS MARINE, INC. ET AL.** | **SECTION I** |


## ORDER

Before the Court is a motion[1] for a new trial filed by plaintiff, Hollis Pace, to which defendants, Weeks Marine, Inc. and Atlantic Sounding Co., Inc., filed an opposition.[2] Plaintiff provides four arguments in support of his motion for a new trial: 1) the jury's damages findings with respect to cure and medical expenses cannot be reconciled,[3] 2) the *McCorpen* finding was based on improperly admitted evidence,[4] 3) the chosen MMI date was "against the greater weight and degree of credible evidence,"[5] and 4) the jury erred in awarding nothing for lost wages.[6]

Defendants argue that the jury's verdict is consistent with the evidence presented at trial.[7] In response to each of the plaintiff's arguments, defendants contend that: 1) the jury's damages findings relative to cure and other medical expenses can be reconciled;[8] 2) the *McCorpen* finding

---

[1] R. Doc. No. 110.
[2] R. Doc. No. 115.
[3] R. Doc. No. 110-1, at 3-6.
[4] *Id.* at 6-7.
[5] *Id.* at 8.
[6] *Id.*
[7] R. Doc. No. 115, at 3-5.
[8] *Id.* at 5. Jury interrogatory 13 related to the amount of cure, if any, to which plaintiff was entitled. R. Doc. No. 99-2, at 5. It was presented to the jury in the event there was an appellate reversal relative to the *McCorpen* issue.
   The Court also notes that the standard for proving causation with respect to the maintenance and cure claim is different than that standard required to prove Jones Act claims

was supported by other evidence at trial, including plaintiff's own testimony;[9] 3) the MMI date was supported by the evidence;[10] and 4) the wage award was consistent with the evidence at trial.[11]

"The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court." *McFadden v. Wal-Mart Stores*, 2006 WL 3087164, at *2 (E.D. La. 2006) (Vance, J.) (citing *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)). While Rule 59(a) of the Federal Rules of Civil Procedure does not enumerate the specific grounds that warrant a new trial, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Huey v. Super Fresh/Sav-A-Center, Inc.*, 2009 WL 3834334, at *1 (E.D. La. 2009) (Africk, J.) (quoting *Del Rio Distributing, Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)).

Having reviewed the motions, argument, record, and the applicable law,

**IT IS ORDERED** that plaintiff's motion for a new trial is **DENIED**.

New Orleans, Louisiana, October 21, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

and unseaworthiness claims. *See* R. Doc. No. 99-1, at 26 (instructing the jury regarding maintenance and cure); *id.* at 16-17 (instructing the jury regarding the Jones Act); *id.* at 18-19 (instructing the jury regarding unseaworthiness); *see also id.* at 24 (instructing the jury regarding causation standards).
[9] R. Doc. No. 115, at 5-6.
[10] *Id.* at 6.
[11] *Id.* at 6-7